## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this
Memorandum Decision shall not be regarded as
precedent or cited before any court except for the
purpose of establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED

Dec 08 2017, 9:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Bryan L. Cook
Carmel, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jesse Nolan Cole,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

December 8, 2017

Court of Appeals Case No.
32A05-1706-PC-1277

Appeal from the Hendricks Superior
Court.
The Honorable Stephenie Lemay-
Luken, Judge.
Trial Court Cause No.
32D05-1701-PC-1

**Darden, Senior Judge**

## Statement of the Case

[1] Jesse Cole appeals the post-conviction court's order dismissing his petition for post-conviction relief. He contends that the claims he raised in his post-conviction relief petition "were never decided on the merits on direct appellate

review based upon the improper application of the doctrine of harmless error." Appellant's Br. p. 8. Finding that the matters Cole sought to raise in his post-conviction relief petition are res judicata, we affirm.

# Issue

The sole issue Cole presents (restated) is whether the trial court erred in dismissing his petition for post-conviction relief.

# Facts and Procedural History

The underlying facts of this case, taken from this court's memorandum decision in Cole's direct appeal, are as follows:

> At approximately 1:30 a.m. on August 10, 2014, Plainfield Police Department Lieutenant Joseph Smock ("Lieutenant Smock") was dispatched to a motorcycle accident on an Interstate 70 West off-ramp. When Lieutenant Smock arrived at the scene, he discovered Cole lying in a ravine 100 feet from the roadway. Lieutenant Smock also saw a motorcycle with its lights on lying on its side. It was located 50 to 100 feet from Cole. Cole had severe facial injuries and one of his eyes was swollen shut. Lieutenant Smock smelled a "very strong odor of alcohol or intoxicating beverage coming from [Cole]" and noticed that his open eye was bloodshot and glossy. (Tr. 74). Cole was transported to IU Methodist Hospital.
>
> Shortly thereafter, Lieutenant Smock went to the hospital with a search warrant for a sample of Cole's blood. A forensic nurse took a blood sample, and, at approximately 3:30 a.m., Cole registered .24 gram of alcohol per one hundred milliliters of his blood. On December 19, 2014, the State charged Cole with OVWI as a Class A misdemeanor and operating a motor vehicle with an alcohol concentration equivalent to at least 0.15 gram of

alcohol per 210 liters of the person's breath or 100 milliliters of the person's blood ("Operating Per Se (.15)") as a Class A misdemeanor.  Thereafter, Cole filed a motion to suppress the blood test results, which the trial court denied.

At the November 2015 trial, Cole's theory of defense appeared to be that someone else was driving the motorcycle.  Steve Carroll[,] an investigator at the Hendricks County Prosecutor's Office[,] testified that he had "charted the whole path of the motorcycle" after the accident and had discovered that it had been sold "out of country." (Tr. 287).  According to Carroll, the motorcycle was a "crotch-rocket or sport bike," which had passenger foot-pegs closer to the seat than most motorcycles. (Tr. 296).  Carroll explained that "for a tall person to get on this motorcycle [as a passenger] would kind of be like a jockey riding a race horse." (Tr. 297).

A jury convicted Cole of both charges.  The trial court entered judgment of conviction for OVWI as a Class A misdemeanor and sentenced Cole to 365 days in the Hendricks County Jail with 363 days suspended and credit of one day for one day served. (App. 25).

*Cole v. State*, No. 32A04-1512-CR-2045, slip op. at 1 (Ind. Ct. App. June 21, 2016), *reh'g denied*, *trans. denied* (footnote omitted).

[4] On direct appeal, Cole claimed that the trial court erred when it admitted the blood test evidence and that the evidence was insufficient to show that he was intoxicated.  This court affirmed the trial court's judgment (*see id*. at 1-2), specifically finding that the evidence was sufficient to sustain Cole's conviction for operating a vehicle while intoxicated.  *Id*. at 2.  Regarding the challenge to the admission to the blood test evidence, this court, in a footnote, found that it:

need not decide this issue because any error in the admission of the blood test evidence was harmless. . . . Blood alcohol tests are not necessary to support a conviction for operating a vehicle while intoxicated pursuant to Indiana Code § 9-30-5-2. Where there is no statutory requirement of proof of a particular blood-alcohol content above which a person is intoxicated, the State may prove intoxication by a showing of impairment. Here, the State met that burden with evidence that amply supported the jury's finding that Cole operated his vehicle while intoxicated. The [blood] test results likely had no impact on the jury's verdict, and under these circumstances, any error in their admission was harmless.

*Id.*, n.3 (internal citations omitted). Cole sought rehearing, which this court denied on August 16, 2016, and then sought transfer, which our supreme court denied on October 20, 2016.

[5] On January 26, 2017, Cole, by counsel, filed a petition for post-conviction relief, in which he claimed that his constitutional, statutory, and appellate rights were violated with regard to the admission of his blood test at trial and this Court's decision on direct appeal. On March 1, 2017, the State filed a motion to dismiss, arguing that the issues Cole raised had been decided by this Court on appeal, and, thus, could not be raised in a post-conviction relief petition. Cole timely filed an objection to the motion. On May 22, 2017, the post-conviction court held a hearing and, on the same day, granted the State's motion and dismissed Cole's post-conviction relief petition. Cole now appeals.

# Discussion and Decision

[6] Cole argues that the post-conviction court erred in dismissing his post-conviction relief petition. Cole maintains that he sought post-conviction relief from errors that occurred during his criminal trial but were not addressed by this Court on direct appeal due to the "doctrine of harmless error." Appellant's Br. p. 4. He summarizes his argument as follows:

> [T]he trial court erred in admitting evidence when police used false, material representations and/or omissions in order to obtain a search warrant for the crucial blood alcohol evidence. Consequently, said evidence was unlawfully obtained by police and was improperly admitted as evidence by the trial court. Further, the trial court erred during the jury trial in admitting blood test result evidence when the State failed to establish a foundation that the blood draw protocol was prepared by a physician. On direct appeal, the Court of Appeals did not address the improper blood test admission issues based upon the erroneous application of the harmless error doctrine. The Court of Appeals denied rehearing on this issue, and the Indiana Supreme Court did not accept transfer. Consequently, Cole has never had a "meaningful" appeal on important evidentiary issues raised in his jury trial leading to his flawed convictions, and the only foreseeable remedy was a PCR Petition which was erroneously dismissed by the trial court.

*Id*. at 8. The State maintains that Cole's challenge to the admission of the blood test evidence is barred by res judicata because he raised the issues on direct appeal. We agree.

[7]     A petitioner bears the burden of establishing the grounds for post-conviction relief by a preponderance of the evidence. *See* Ind. Post-Conviction Rule 1(5); *Timberlake v. State*, 753 N.E.2d 591, 597 (Ind. 2001). Post-conviction procedures do not afford a petitioner with a super-appeal, and not all issues are available. *Timberlake*, 753 N.E.2d at 597. Rather, subsequent collateral challenges to convictions must be based on grounds enumerated in the post-conviction rules. *Id*. If an issue was known and available, but not raised on direct appeal, it is waived. *Id*. If it was raised on appeal, but decided adversely, it is res judicata. *Id*.

> As a general rule, when a reviewing court decides an issue on direct appeal, the doctrine of *res judicata* applies, thereby precluding its review in post-conviction proceedings. The doctrine of *res judicata* prevents the repetitious litigation of that which is essentially the same dispute. And, a petitioner for post-conviction relief cannot escape the effect of claim preclusion merely by using different language to phrase an issue and define an alleged error. "[W]here an issue, although differently designated, was previously considered and determined upon a criminal defendant's direct appeal, the State may defend against defendant's post-conviction relief petition on grounds of prior adjudication or [*res judicata*]."

*Jervis v. State*, 28 N.E.3d 361, 368 (Ind. Ct. App. 2015), *trans. denied* (internal citations omitted).

[8]     On direct appeal, Cole specifically contended that "the trial court erred in admitting this evidence because (1) the search warrant for [his] blood was not supported by probable cause, (2) the police made material misrepresentations in

order to obtain the warrant; and (3) the State failed to establish a foundation that the blood draw protocol was prepared by a physician." *Cole*, No. 32A04-1512-CR-2045, slip op. at 2 n.3. This Court addressed Cole's claims, albeit in a footnote, finding that the claims were subject to the harmless error analysis, that the blood test results likely had no impact on the jury's guilty verdict, and that any error in the admission of the evidence was harmless. *Id*. Based upon its findings, this court determined that it need not consider each of Cole's *specific contentions* regarding the admission of the blood evidence. Cole's petition for transfer, seeking a decision on the blood test admissibility issue, was denied by our supreme court.

Cole's claims regarding the admissibility of the blood test evidence were decided on appeal. His efforts to re-raise the issues in a post-conviction relief petition are barred by res judicata. The trial court properly dismissed Cole's post-conviction relief petition.

# Conclusion

For the reasons stated, we find that the trial court did not err in dismissing Cole's petition for post-conviction relief.

Affirmed.

Vaidik, C.J., and Bradford, J., concur.